IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT NORMAN SMITHBACK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-01103-JWB-GEB |
| WILLIAM ANDREW SMITHBACK, et al., | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff Robert Norman Smithback's Motion to Proceed Without Prepayment of Fees (ECF No. 2, *sealed*) and his Motion to Appoint Counsel (ECF No. 3). For the reasons set forth below, Plaintiff's Motion to Proceed *in forma pauperis* (**ECF No. 2,** *sealed*) is **taken under advisement, pending payment of partial filing fee**, and Plaintiff's Motion for Appointment of Counsel (**ECF No. 3**) is **DENIED**.

**I.     Motion for Leave to Proceed** *in forma pauperis* (**ECF No. 2,** *sealed***.**)

This motion is governed by 28 U.S.C. § 1915(b). In Plaintiff's pleadings, he identifies himself as being incarcerated in Texas.[1] Because Plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]"[2] Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated

---

[1] ECF No. 1, ¶ 7.
[2] § 1915(b)(1).

1

upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, Plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account.[3] However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee.[4]

Upon review of the information presented in Plaintiff's application, it appears Plaintiff's average monthly deposit is $25.00, and the average monthly balance is $13.33. The Court therefore assesses an initial partial filing fee of $5.00, which is twenty percent of the average monthly deposit.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* **(ECF No. 2,** *sealed***)** is **taken under advisement, pending payment of partial filing fee.** On or before **August 16, 2019**, Plaintiff shall submit an initial partial filing fee of $5.00 to the clerk of the court.[5] Any objection to this order must be filed on or before the date payment is due. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to Plaintiff.

A copy of this order shall be transmitted to Plaintiff by regular U.S. mail.

---

[3] § 1915(b)(2).
[4] § 1915(b)(4).
[5] Plaintiff will be required to pay the balance of the $400.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

## II. Motion for Appointment of Counsel

The Court, under 28 U.S.C. §1915(e)(1), is given discretionary authority to request an attorney to represent a party permitted to proceed *in forma pauperis*.[6] Nonetheless, a party in a civil action does not have a Constitutional right to counsel.[7] The Court, exercising sound discretion, generally evaluates four relevant factors to determine appointment: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the case, and (4) the plaintiff's capacity to prepare and present the case without aid of counsel.[8] Moreover, as in all federal cases, Plaintiff must state a viable claim for relief and the court must have subject-matter jurisdiction.

After careful consideration, the Court declines to appoint counsel to represent Plaintiff in this matter. Although the Court has taken Plaintiff's request to proceed without payment of fees under advisement, it appears Plaintiff has satisfied the first prong of the analysis through the financial affidavit and institutional balance sheet attached to his motion to proceed *in forma pauperis* (ECF No. 2-1, *sealed*). However, Plaintiff's request fails on the remaining factors of analysis.

Plaintiff has not satisfied the second prong, as he demonstrates no efforts to secure his own legal counsel.[9] However, the Court also recognizes Plaintiff is incarcerated in

---

[6] *Jackson v. Park Place Condos. Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

[7] *See Sandle v. Principi*, 201 F.App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[8] *Castner*, 979 F.2d at 1421-22.

[9] The Court's form Motion to Appoint Counsel, available online, clearly explains the Court expects a party to confer with at least five attorneys prior to seeking appointed counsel. See the Court's resources for self-represented litigants at: http://ksd.uscourts.gov/index.php/self-represented-

Jefferson County, Texas, without access to "adequate legal support." (ECF No. 3.) Thus, Plaintiff may be restricted in his ability to diligently seek counsel. But, this does not save Plaintiff's request.

Plaintiff's request also fails on the third and fourth prongs of analysis. On review of the Complaint, the Court maintains serious concerns regarding its ability to adjudicate his claims. Simultaneously with this order, the Court recommends the case be dismissed due to lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). (Order, ECF No. 7.)  Additionally, at this stage, Plaintiff has not demonstrated any reason why he is unable to adequately present the case on his own.  Under the present circumstances, the request for appointment of counsel shall be denied without prejudice to later refiling if circumstances change.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel **(ECF No. 3)** is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2019 at Wichita, Kansas.

/s Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

litigants/ and the form Motion for Appointment of Counsel, available at: http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.