IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT NORMAN SMITHBACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 19-cv-01103-JWB-GEB |
| **WILLIAM ANDREW SMITHBACK, et al.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**REPORT AND RECOMMENDATION**

In conjunction with the filing of this order, this Court takes under advisement Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 6.) However, the authority to proceed without prepayment of fees has limitations, and a request to proceed without prepayment of fees triggers the Court's screening process. Under 28 U.S.C. § 1915(e)(2), *sua sponte* dismissal of the case is required if the court determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks relief from a defendant who is immune from suit. Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[1] After careful consideration and application of these standards, the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), issues the following report and recommendation of **DISMISSAL** without prejudice for the reasons set forth below.

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)).

1

## Background

On April 29, 2019, Plaintiff filed the subject Complaint against Defendant William Smithback, his brother, and Defendant Terry Justice, his biological father. (ECF No. 1.) Plaintiff is presumably claiming breach of contract against both men. Since 2002, Plaintiff has been incarcerated in Jefferson County, Texas, in custody of the Texas Department of Criminal Justice. (ECF No. 1 at ¶ 7.) According to the Complaint, Plaintiff's adoptive mother, Judy Smithback, died intestate in April of 2004. (*Id.* at ¶ 5.) He claims to have obtained a one-half interest in his deceased mother's estate, including property located at 2013 East 7th Street in Wellington, Kansas. (*Id.* at ¶ 6.) Furthermore, Plaintiff alleges Defendants William and Terry colluded to execute a contract, resulting in the sale of Plaintiff's interest; however, Plaintiff claims to have reluctantly signed the contract. (*Id.* at ¶ 9.) Plaintiff is currently awaiting payment for the relinquishment of his property interest but has received no such payment. (*Id.* at ¶ 10.) Moreover, Plaintiff discovered Defendant William does not intend to compensate him for his interest, despite the contract. (*Id.* at ¶ 11.)

Plaintiff seeks declaratory judgment on the following eight counts against both Defendants: (1) Common Law Fraud, (2) Common Law Conversion, (3) Common Law Theft by Deception, (4) Breach of Contract, (5) Conspiracy to Commit Fraud, (6) Conspiracy to Commit Common Law Conversion, (7) Conspiracy to Commit Theft by Deception, and (8) Conspiracy to Commit Breach of Contract. (*Id.* at ¶ 1). Plaintiff also seeks to nullify the contract between himself and Defendant William, and requests "compensatory damages equaling one-half [interest] of the real property from [each]

Defendant[]", and any other damages the Court deems proper and just. (*Id.* at p. 6). In his Civil Cover Sheet, Plaintiff clarifies he seeks monetary damages in the amount of $36,000. (ECF No. 4.) Additionally, Plaintiff asserts this Court "possesses Subject Matter Jurisdiction over the[se] actions . . . because said actions involve[] interstate commerce. (ECF No. 1 ¶ 3.)

## Discussion

As described above, the Court has a duty to screen the merits of Plaintiff's case under 28 U.S.C. § 1915(e)(2). Additionally, throughout civil proceedings, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[2] Because this Court appears to lack jurisdiction, or power over, Plaintiff's claims, dismissal is recommended.

"[F]ederal courts are of limited jurisdiction, [thus] they must have a statutory basis for their jurisdiction."[3] The Court obtains jurisdiction through either federal question or diversity of citizenship. First, federal question gives "district courts . . . original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[4] However, in his Complaint, Plaintiff brings claims for breach of contract and fraud. Both claims, when no federal issue is raised, are typically state-law causes of action.[5] Plaintiff

---

[2] *King*, 2010 WL 5463061, at *1 (citing Fed. R. Civ. P. 12(h)(3)).

[3] *See Perry v. Cowley Cty. Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing two statutory foundations for subject-matter jurisdiction: federal question under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003)).

[4] 28 U.S.C. § 1331 (2018).

[5] *Tinner v. Farmers Ins. Co.*, 504 F.App'x 710, 714 (10th Cir. 2012).

relies upon no federal statute or other basis for federal-question jurisdiction. As such, it does not appear this Court has federal-question jurisdiction over the claims.

Secondly, a plaintiff may also invoke diversity of citizenship as a basis for jurisdiction, pursuant to 28 U.S.C. § 1332. Diversity is fulfilled when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[6] The Court first examines the citizenship of each party, as diversity requires Plaintiff to be a citizen of a state different than that in which Defendants reside. Citizenship is obtained when a person is domiciled in a State. To acquire domicile a person must reside in the State with the intent to remain there indefinitely.[7] An incarcerated person, however, "is presumed to be a citizen of the state of which he was a citizen *before* his incarceration, even if subsequently incarcerated in another state."[8] Based upon the addresses provided in the Complaint, Defendants are citizens of Kansas, even though Plaintiff is currently incarcerated in Texas, he provides no information regarding his citizenship prior to incarceration. Therefore, this Court is presented with insufficient information to establish diversity jurisdiction. And, even if Plaintiff had provided such information, he seeks only $36,000 in relief, not the required amount which is to exceed $75,000. Thus, the Court finds its basis for diversity jurisdiction is likely unavailable.

---

[6] 28 U.S.C. § 1332(a)(1) (2018).
[7] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("Domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there")).
[8] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (citing *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991) (emphasis added)).

Because Plaintiff proceeds *pro se*, his pleadings must be construed liberally.[9] But with liberal construction, the Court must "rely on the plaintiff's statement of his own cause of action," and thus the Court "may not re-write a complaint to include claims that were never presented."[10] In other words, the Court cannot assume "responsibility of serving as [any party's] attorney in constructing arguments and searching the record."[11]

Upon evaluation, it appears this Court lacks jurisdiction over Plaintiff's claims. Although Plaintiff claims the Court has jurisdiction through the Constitution's interstate commerce clause; ultimately, Plaintiff seeks relief for apparent breach of contract and fraud claims.[12] On the face of his Complaint and upon closer review therein, it does not appear any claims asserted by Plaintiff invoke any federal issues. Furthermore, Plaintiff provides insufficient information with which to determine his citizenship, and seeks less than the $75,000 threshold to invoke diversity jurisdiction. Consequently, the Complaint provides no basis for federal jurisdiction and it appears the federal court is not the proper forum for this claim.

It is therefore recommended that the Complaint be dismissed under Fed. R. Civ. P. 12(h)(3).

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[10] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012).
[11] *Mays v. Wyandotte Cty. Sherriff's Dep't*, 419 F.App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).
[12] *See Tinner*, 504 F.App'x at 714.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[13]

**IT IS SO ORDERED.**

Dated this 15th day of July, 2019, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[13] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).