# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT NORMAN SMITHBACK,

      Plaintiff,

v.                                          Case No. 19-1103-JWB

WILLIAM ANDREW SMITHBACK and
TERRY EDWIN JUSTICE,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on a Report and Recommendation ("R&R") from United States Magistrate Judge Gwynne Birzer. (Doc. 7.) The R&R recommends dismissal of all claims asserted by Plaintiff in his complaint. Plaintiff has filed an objection to the R&R and has also moved to amend his complaint.[1] (Docs. 9, 12.) For the reasons stated below, the court DECLINES TO ADOPT the R&R and GRANTS IN PART Plaintiff's motion to amend.

In his complaint, Plaintiff alleges that he is bringing several state law claims against Defendants William Smithback and Terry Justice due to the transfer of ownership of a house in Wellington, Kansas. Both Defendants are citizens of Kansas. Plaintiff is incarcerated in Texas but did not allege his citizenship in his initial complaint. Plaintiff alleges that this court has subject matter jurisdiction because the action involves interstate commerce. Essentially, Plaintiff claims that he had an interest in his deceased mother's estate, which includes the real estate in Wellington. Plaintiff alleges that Defendants demanded that Plaintiff execute a contract selling

---

[1] Plaintiff filed what was titled a "Motion to Amend Complaint." (Doc. 1.) In his motion, Plaintiff states that he is filing the motion to satisfy the concerns with his complaint as set forth in the R&R. Because this court is to liberally construe a pro se Plaintiff's filings, the court has treated the motion to amend as both a motion to amend and an objection to the R&R. The court will address both in this order.

his interest. Plaintiff reluctantly signed the contract but has not been compensated. Plaintiff alleges that Defendants do not intend to compensate him. Although Plaintiff did not demand a specific amount in his complaint, his civil cover sheet states that he seeks damages in the amount of $36,000. (Doc. 4.) Judge Birzer recommended dismissal on the basis that the complaint does not establish that the parties are diverse and Plaintiff seeks less than $75,000. (Doc. 7.)

Plaintiff has filed an objection and a motion to amend. Plaintiff's motion to amend was filed after Magistrate Judge Birzer issued the R&R. Due to the filing of the objection which is handled by the undersigned, Magistrate Judge Birzer has not considered Plaintiff's motion to amend. Plaintiff contends in his objection that his amended complaint cures the jurisdictional defect. Plaintiff's amended complaint attempts to establish jurisdiction under both federal question and diversity of citizenship. With respect to federal question, Plaintiff's amended complaint adds claims of fraud and embezzlement under 18 U.S.C. § 1962, in addition to his previously stated state law claims. (Doc. 9, Exh. 1.) However, "criminal statutes do not give rise to a private cause of action." *Mettlen v. Kaste*, No. 16-CV-4008-DDC-KGG, 2016 WL 5792774, at *3 (D. Kan. Oct. 4, 2016). Therefore, Plaintiff cannot attempt to cure a defect in subject matter jurisdiction by asserting claims under criminal statutes.

Turning to diversity jurisdiction, Plaintiff's initial complaint was defective as it did not identify the citizenship of Plaintiff and failed to allege an amount in damages above the statutory requirement. Plaintiff now pleads $150,000 in damages, as he seeks $75,000 from each Defendant. This allegation is sufficient to meet the minimum amount in the diversity statute. 28 U.S.C. § 1332. Plaintiff must also establish that the matter is between citizens of different states. Defendants are citizens of Kansas. Plaintiff has alleged in his amended complaint that he is a citizen of Kansas and a citizen of Texas. Plaintiff alleges that he was living in Texas prior to his

incarceration and that he is currently incarcerated in Texas. Plaintiff states that after his release he intends to live in both Kansas and Texas.

In evaluating diversity, a party's citizenship is determined at the time the complaint is filed. *Powder River Basin Res. Council v. Babbitt*, 54 F.3d 1477, 1484 (10th Cir. 1995). "Because domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Based on the allegations in the amended complaint, Plaintiff was a citizen of Texas prior to incarceration. Plaintiff remains incarcerated in Texas. Therefore, for jurisdictional purposes, Plaintiff is a citizen of Texas. The fact that Plaintiff has alleged that he is a citizen of Kansas on the basis that he intends to reside in Kansas upon his release does not change Plaintiff's citizenship. In order to establish a new domicile, Plaintiff must have residence in the state and an intent to remain. *Evans v. Am. Equity Inv. Life Ins. Co.*, No. CV 07-2251-KHV, 2007 WL 9724335, at *1 (D. Kan. July 27, 2007) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)).

Therefore, Plaintiff's proposed amended complaint establishes that this court has jurisdiction under 28 U.S.C. § 1332 as the parties are diverse. In light of the fact that Plaintiff is proceeding pro se, and that "pro se parties generally should be given leave to amend," the court grants Plaintiff's motion to amend (Doc. 9) in part. *Jones v. Bowers*, 737 F. App'x 846, 848 (10th Cir. 2018). As a result, the court declines to adopt the report and recommendation.

As discussed, Plaintiff's proposed amended complaint includes claims that cannot be brought in a civil action. Therefore, the court denies the filing of Plaintiff's proposed amended complaint in its current form. The court will grant Plaintiff's motion to amend his complaint. Plaintiff is to file his amended complaint within 14 days of being served with this order.

Plaintiff's amended complaint must include the allegations regarding citizenship and his claims set forth in the initial complaint but exclude the claims that rely on the criminal statutes. Nothing in this order is intended to express any opinion on the merits of Plaintiff's claims or the court's authority to screen those claims pursuant to 28 U.S.C. § 1915(e)(2), which the magistrate judge may do once the amended complaint is filed.

IT IS THEREFORE ORDERED this 3rd day of September 2019, that the court DECLINES TO ADOPT the Report and Recommendation (Doc. 7) of Magistrate Judge Birzer in light of Plaintiff's proposed amended complaint. Plaintiff's motion to amend (Doc. 9) is GRANTED IN PART AND DENIED IN PART. Plaintiff is to file an amended complaint that is compliant with this order within 14 days of being served with this order.

                                                 s/ John W. Broomes  
                                                 JOHN W. BROOMES  
                                                 UNITED STATES DISTRICT JUDGE