IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT NORMAN SMITHBACK, )
)
Plaintiff, )
)
v. ) Case No. 19-1103-JWB-GEB
)
WILLIAM ANDREW SMITHBACK, et al., )
)
Defendant. )
)

**ORDER**

This matter is before the Court on Plaintiff Robert Norman Smithback's Motion to Proceed Without Prepayment of Fees (ECF No. 2, *sealed*) which the Court previously took under advisement, and his Motion to Reconsider his Motion for Appointment of Counsel (ECF No. 10). For the reasons set forth below, Plaintiff's Motion to Proceed *in forma pauperis* **(ECF No. 2, *sealed*)** is **GRANTED**, and Plaintiff's Motion to Reconsider his Motion for Appointment of Counsel **(ECF No. 10)** is **DENIED**.

I. **Background**

In his original Complaint, Plaintiff brings several state law claims against Defendants William Smithback and Terry Justice due to the transfer of ownership of a house in Wellington, Kansas. (ECF No. 1.) Both Defendants are citizens of Kansas. Plaintiff is incarcerated in Texas but did not allege his citizenship in his initial complaint. Upon review of Plaintiff's motion to proceed without prepayment of fees, and concurrent review of his Complaint, the undersigned U.S. Magistrate Judge recommended dismissal

1

on the basis that the original Complaint does not establish that the parties are diverse, and Plaintiff seeks less than $75,000. (Report and Recommendation, ECF No. 7.) The undersigned also took Plaintiff's motion for leave to proceed *in forma pauperis* under advisement and denied Plaintiff's motion for appointment of counsel in light of the recommendation of dismissal. (ECF No. 6.)

Although Plaintiff's initial complaint was defective, Plaintiff sought leave to amend his Complaint as a response to the Recommendation. (Motion, ECF No. 9.) Given the request for amendment, Judge Broomes declined to adopt the recommendation of dismissal, and granted Plaintiff's request to amend his pleading. (Mem. and Order, ECF No. 13.) Plaintiff's Amended Complaint clarifies he was a citizen of Texas prior to his incarceration, and amends his demand for relief to include monetary damages in excess of $75,000. (Am. Compl., ECF No. 14.) On the face of his Amended Complaint, diversity jurisdiction is satisfied. Therefore, the undersigned now reviews Plaintiff's pending motions.

## II. Motion for Leave to Proceed *in forma pauperis* (ECF No. 2, *sealed*)

In its order taking the motion for leave to proceed without prepayment of fees under advisement, the Court required Plaintiff to submit an initial partial filing fee. (ECF No. 6.) Instead, Plaintiff timely filed a supplement to his motion, which this Court also construes as an objection to the order requiring an initial partial filing fee. (ECF No. 11, *sealed*.) Plaintiff's supplement, along with the attached statement of his inmate account, demonstrates his inmate account has minimal funds and he has no current source of income.

This motion is governed by 28 U.S.C. § 1915(b). In Plaintiff's pleadings, he identifies himself as being incarcerated in Texas.[1] Because Plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal *in forma pauperis*[.]"[2] Pursuant to § 1915(b)(1), this Court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, Plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account.[3] However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee.[4]

Upon review of the information presented in Plaintiff's application (ECF No. 2, *sealed*) and his Supplemental Motion (with updated trust account statement) (ECF No. 11, *sealed*), it appears Plaintiff lacks funds to pay an initial partial filing fee. Therefore, the Court will grant leave to proceed *in forma pauperis* without assessing an initial fee under 28 U.S.C. § 1915(b)(1). Plaintiff remains obligated to pay the entire $400.00 filing fee in installments as funds become available.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* (**ECF No. 2,** *sealed*) is **GRANTED.** Notwithstanding this grant of leave, Plaintiff

---

[1] ECF No. 1, ¶ 7.
[2] 28 U.S.C. § 1915(b)(1).
[3] § 1915(b)(2).
[4] § 1915(b)(4).

is required to pay the full amount of the filing fee and is hereby assessed $400.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of Plaintiff shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.[5]

The clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office. Additionally, because Plaintiff proceeds *in forma pauperis*, the clerk of the court shall take the appropriate steps to serve Defendants with the summons and Amended Complaint (ECF No. 14) as provided under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

### III. Motion for Reconsideration of Appointment of Counsel (ECF No. 10)

In addition to taking the fee motion under advisement, on July 15, 2019, the Court denied Plaintiff's motion to appoint counsel to represent him in this case. (ECF No. 6.) This matter is now before the Court on Plaintiff's Motion to Reconsider his Motion for Appointment of Counsel. (ECF No. 10). For the reasons set forth below, Plaintiff's motion shall be **DENIED**.

The grounds for requesting reconsideration of a non-dispositive ruling are relatively narrow. D. Kan. Rule 7.3 provides that such a motion must be based on:

(1) an intervening change in controlling law;

(2) the availability of new evidence; or

---

[5] § 1915(b)(2).

(3) the need to correct clear error or prevent manifest injustice.

"Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to *hear new arguments or supporting facts that could have been presented originally*."[6] The movant bears the burden to demonstrate an adequate reason to reconsider the Court's prior order.[7] The standards for considering whether to appoint counsel were discussed in the earlier Order (ECF No. 6) and will not be repeated here.

After careful consideration, the Court rejects Plaintiff's motion to reconsider and appoint counsel. Regarding the D. Kan. Rule 7.3 grounds, Plaintiff does not identify either a change in controlling law or any new evidence. Plaintiff apparently relies on the third ground: a need to correct clear error or prevent manifest injustice. But the Court denied Plaintiff's original motion because of his lack of meaningful effort to contact counsel and because he appeared capable, at least during the preliminary stages of the case, of asserting his claims. These reasons are neither erroneous nor unjust. Although Plaintiff's second motion includes additional details of his lack of access to Kansas legal resources, this allegation was included in his original motion, and such supporting facts could also have been presented.

Even if Plaintiff had met his burden to demonstrate a sufficient reason to reconsider its earlier Order, this Court would still deny his request at this time based upon the factors

---

[6] *Farris v. City of Garden City, Kan.*, No. 15-1078-MLB, 2015 WL 1978442, at *2 (D. Kan. May 1, 2015) (citing *Keys Youth Services v. City of Olathe, Kansas*, 67 F. Supp.2d 1228, 1229 (D. Kan. 1999)) (emphasis added).
[7] *Id*. (citing *Cotracom Commodity Trading Co. v. Seaboard Corp*., 193 F.R.D. 696, 697 (D. Kan. 2000)).

for determining appointment of counsel.  The Court is satisfied Plaintiff is unable to afford an attorney, as evidenced by his motions for leave to proceed *in forma pauperis* (ECF Nos. 2, 11, *sealed*) and the above Order permitting him to proceed *in forma pauperis*. Additionally, the Court does not construe Plaintiff's efforts to engage his own counsel, or lack of demonstration thereof, against his request for appointment, bearing in mind his incarceration and inability to pay.  However, after careful consideration of the remaining factors, the Court declines to appoint counsel for the following reasons.

First, Plaintiff's case does not appear unusually complex.[8]  Moreover, Plaintiff has demonstrated no reason why he is unable to adequately present the case on his own. Plaintiff has shown no special circumstances, such as mental or physical impairment, which would indicate he is unable to present his claims.[9]  His written pleadings and motions appear well-formulated, organized, and coherent.  Although he complains he has limited access to legal materials, Plaintiff prepared and filed multiple court documents to date, all of which were comprehensible.  Plaintiff has given this Court no indication of difficulty either communicating with the Court or filing desired documents on his own behalf.  And, although the Court cannot "assume the role of advocate" for a pro se litigant, it does provide him some latitude in future filings.[10]

---

[8] *See Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008) (citing multiple cases, noting generally, cases involving the treatment and alleged civil rights violations of incarcerated plaintiffs are "not particularly complex.") (internal citations omitted).
[9] *Phamm*, 2008 WL 631263, at *3.
[10] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting the Court does "make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.")

There is no constitutional right to counsel in a civil action,[11] and the Court has an obligation not to make indiscriminate appointments on every occasion that a party seeks court-ordered counsel,[12] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[13] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the appointment of counsel.[14] "That counsel could assist plaintiff in presenting 'his strongest possible case' is not a proper basis for granting such a motion."[15]

After thorough review of the docket, the Court cannot predict at this time the potential merit of Plaintiff's claims. But the Court recognizes "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[16] as the case progresses. Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the

---

[11] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[12] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[13] *See Sause v. Louisburg Police Dept.*, No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).
[14] *Jones v. Maritz Research Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *1 (D. Kan. Nov. 21, 2014) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).
[15] *Phamm*, 2008 WL 631263, at *3 (citing *Brown v. Gray*, No. 06–3003–JTM, 2007 U.S. Dist. LEXIS 69925, at * 6–7 (D. Kan. 2007)); *see also Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) ("It is not enough that having counsel appointed would have assisted [him] in presenting his strongest possible case, as the same could be said in any case.")
[16] *Jones*, 2014 WL 6632929, at *3.

plaintiff's capabilities and the merits of the case."[17] Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of the claims and Plaintiff's continuing ability to present his case.[18] Therefore, Plaintiff's motion to reconsider his motion for appointment of counsel shall be **DENIED** without prejudice to the filing of a similar motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider his Motion for Appointment of Counsel (**ECF No. 10**) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 7th day of October, 2019 at Wichita, Kansas.

/s Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[17] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (internal citations omitted)).
[18] *Jones*, 2014 WL 6632929, at *3 (citing *Ficken,* 146 F.3d at 981).