# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT NORMAN SMITHBACK,

      Plaintiff,

v.                                                                                         Case No. 19-1103-JWB

WILLIAM ANDREW SMITHBACK and
TERRY EDWIN JUSTICE,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants William Smithback and Terry Justice's motion to dismiss (Doc. 19) and Plaintiff's motion for bench warrant (Doc. 22). All parties in this matter are proceeding pro se. Plaintiff has filed a response to the motion to dismiss and the time for filing a reply has now passed. (Doc. 23.) Defendants have not filed a response to Plaintiff's motion and the time for filing a response has now passed. Both motions are DENIED for the reasons stated herein.

In his amended complaint, Plaintiff brings several state law claims against Defendants due to the alleged transfer of ownership of a house in Wellington, Kansas. (Doc. 14.) Essentially, Plaintiff claims that he had an interest in his deceased mother's estate, which includes the house in Wellington. Plaintiff alleges that Defendants demanded that Plaintiff execute a contract selling his interest. Plaintiff reluctantly signed the contract but has not been compensated. Plaintiff alleges that Defendants do not intend to compensate him.

Defendants filed a joint motion to dismiss. In that motion, William Smithback sets forth three factual statements regarding the property in question. Essentially, William states that the

property has not been transferred and that Plaintiff retains a 50% ownership interest. William also states that a contract has not been signed. In support of the factual statements, William has attached a property detail sheet that was obtained from the Sumner County website. This attachment is submitted as Exhibit A to the motion. (Doc. 19.) In conclusion, William attests that the factual statements in the motion are true and correct. The motion is signed by Defendants and witnessed by a public notary. The motion contains no argument regarding the facts. It is essentially an affidavit setting forth three statements of fact and attaching an exhibit in support.

In response, Plaintiff objects to the authentication of the exhibit. Plaintiff asserts that the exhibit states that it is page "1 of 7" and therefore the exhibit is not complete. (Doc. 23 at 2.) Plaintiff also argues that Defendants have misstated the facts and he has attached letters purporting to address the execution of the contract at issue in support of his position. (Doc. 23 at 6.)

In considering a motion to dismiss, all well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Additionally, the court does not generally "look beyond the four corners of the complaint." *Becher v. United Healthcare Servs., Inc.*, 374 F. Supp. 3d 1102, 1106 (D. Kan. 2019) (citing *Am. Power Chassis, Inc. v. Jones*, No. 13-4134-KHV, 2017 WL 3149291, at *3 (D. Kan. July 25, 2017)). The court may only consider matters outside of the complaint, such as an affidavit or other documents, when a plaintiff has attached or incorporated the document to his complaint or when the document is referred to in the complaint and central to the complaint. *Id.* at 1106-07. Such is not the case here. The court cannot consider the new facts set forth in the motion because they are alleged outside of the amended complaint. *Id.* at

1106 ("At the motion to dismiss stage, the court cannot properly consider extrinsic evidence that isn't central to a plaintiff's claim.")  Moreover, the motion includes an exhibit, which was not incorporated into Plaintiff's amended complaint and its authenticity has been challenged by Plaintiff.  Therefore, the court must consider the motion without considering the facts asserted by Defendants and the attached exhibit.  *See id.* at 1107-08.

After disregarding the exhibit and the statement of facts, the court concludes that Defendants' motion does not contain any grounds to dismiss the amended complaint.  The court notes that Defendants are proceeding pro se and likely are not familiar with this court's rules, which can be found on the court's website.  Although the court may not consider material outside the pleadings on a motion to dismiss, the court may consider such items, properly authenticated, in ruling on a motion for summary judgment.  *See* Fed. R. Civ. P. 56; D. Kan. R. 56.1.  The federal rules also require Defendants to file an answer within 14 days of the date of this order.  Fed. R. Civ. P. 12(a)(4).

Finally, Plaintiff, who is confined in Texas, has filed a motion seeking a transfer to a facility closer to this court so that he may be present during pre-trial proceedings.  (Doc. 22.)  At this time, there are no hearings set.  Moreover, the court notes that it is typical in this district for discovery matters to be handled by telephone conference.  Also, Plaintiff's facility may have the means to conduct video conferencing for matters that require Plaintiff to be present in person.  Therefore, the court does not foresee the need for Defendant to be present in Kansas at this early stage in the proceedings.  Plaintiff's motion is denied at this time, without prejudice.

## Conclusion

Defendants' motion to dismiss (Doc. 19) and Plaintiff's motion for bench warrant (Doc. 22) are DENIED.

IT IS SO ORDERED this 30th day of January 2020,

    _s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE